UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abdullahi Ahmed Ibrahim,                  Civ. No. 18-1883 (PAM/BRT)

             Petitioner,

v.                                                **MEMORANDUM AND ORDER**

William P. Barr, Attorney General,
Kirstjen Nielsen, Secretary, Department
of Homeland Security, Ronald Vitiello,
Acting Director, Immigration and Customs
Enforcement, Peter Berg, Director, St.
Paul Field Office, Immigration and
Customs Enforcement; Joel Brott, Sheriff,
Sherburne County,

             Respondents.

---

This matter is before the Court on Petitioner's Motion for Attorney's Fees and Costs. (Docket No. 21.) Ibrahim seeks fees and costs in the amount of $4,736.90 pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. For the following reasons, the Motion is granted.

**BACKGROUND**

The full factual and procedural background of this matter is set forth in Magistrate Judge Becky R. Thorson's Report and Recommendation (Docket No. 17) and will not be repeated here. In brief, Ibrahim is a native and citizen of Somalia who has been in various stages of removal proceedings since 2010. In February 2018, Immigration and Customs Enforcement ("ICE") took Ibrahim into custody to execute his removal to Somalia. Since that time, Ibrahim has filed several motions, appeals, and petitions for review, some of which are still pending before the Ninth Circuit Court of Appeals.

Ibrahim filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 with this Court on July 5, 2018, challenging his continued detention pending removal. (Docket No. 1.) Based on the Report and Recommendation of Judge Thorson, this Court ordered that Ibrahim be released from ICE custody because there was no significant likelihood of his removal in the foreseeable future. (Docket No. 19.) Once the judgment became final, this Motion followed.

**DISCUSSION**

28 U.S.C. § 2412(a) authorizes the Court to award costs to a prevailing party in litigation against the United States. However, the portion of the EAJA allowing for an award of attorney's fees contains additional requirements:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Id. § 2412(d)(1)(A). Ibrahim bears the burden to establish that he was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir.1989). Once prevailing party status is established, "[t]he government bears the burden of showing that its position was substantially justified." Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008). If the Court finds both that Ibrahim is the prevailing party and the Government's position was not substantially justified, then an award of fees and related expenses is required.

The Government argues that attorney's fees and costs are not warranted because (1) Ibrahim's Motion is untimely; (2) Ibrahim is not a prevailing party; (3) the

2

Government's position was substantially justified; and (4) "special circumstances" make an award of attorney's fees unjust.

### 1. Timeliness

Ibrahim's Motion is timely. Under the EAJA, a party seeking fees must file its motion within 30 days of "final judgment." 28 U.S.C. § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." Id. § 2412(d)(2)(G). The parties agree that the appeals period for this matter was 60 days. This period excludes the day of the event that triggered it, and if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next business day. Fed. R. Civ. P. 6(a)(1)(C). This Court entered its Order on November 13, 2018. Therefore, the appeals period began on November 14, 2018. The 60-day period ended on January 13, 2019. Because that day was a Sunday, the appeals period ran until the end of January 14, 2019, pursuant to Rule 6. On that date, the appeals period ended and this Court's Order became a final judgment. Ibrahim filed this Motion on February 13, 2019, exactly 30 days after January 14. Therefore, the Motion is timely.

### 2. Prevailing Party

Fees and costs under the EAJA are only available to prevailing parties. A prevailing party is "one who has been awarded some relief by a court," or more specifically, relief that alters "the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603, 605 (2001). The Government contends that Ibrahim should not qualify as a prevailing party

because the case was remanded to ICE, which does not qualify as a judgment or decree on the merits.

The Government misunderstands the nature of this matter. The Government implies that it released Ibrahim voluntarily, ignoring the fact that it was ordered to do so. (See Resp.'s Opp. Mem. (Docket No. 25) at 2.) The Court granted Ibrahim's petition for writ of habeas corpus, and the matter was only remanded to ICE to establish appropriate conditions for Ibrahim's supervised release. The Government argues that Ibrahim "was simply returned to the position in which he found himself prior to his being lawfully detained to effect his removal." (Id. at 3.) However, this is precisely the relief Ibrahim sought. (See Pet'r's Reply (Docket No. 16) 4-5, n.2.) Ibrahim is now on supervised release awaiting the resolution of his multiple appeals. Thus, the Order "materially alter[ed] the legal relationship between the parties by modifying the [Government's] behavior in a way that directly benefits the [Petitioner]" as required under the EAJA. Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). Ibrahim qualifies as a prevailing party[1].

### 3. Substantial Justification

A court should not award fees to a prevailing party under the EAJA if the Government's position was substantially justified. "Substantially justified means justified to a degree that could satisfy a reasonable person. A substantially justified position need not be correct so long as a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Bah, 548 F.3d at 683-84 (citations and

---

[1] Because he is a prevailing party, Ibrahim would be eligible to recover costs under § 2412(a). However, Ibrahim's counsel has not provided any statement of costs that would allow the Court to make such an award.

quotations omitted). The Government must also show that its conduct both before and during litigation was justified. See id. at 684 ("The EAJA requires courts to consider the government's conduct leading up to the litigation in addition to its subsequent conduct.").

Ibrahim's detention was governed by Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, the Supreme Court held that "an alien's post-removal-period detention" may not exceed "a period reasonably necessary to bring about that alien's removal from the United States." Id. at 689. It is presumptively reasonable for the Government to detain an alien for six months following the start of the statutory removal period. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. The main issue in this matter was whether the Government had demonstrated that there was a significant likelihood of Ibrahim's removal in the reasonably foreseeable future.

The Government's position was not substantially justified. It is clear that Ibrahim was not likely to be removed in the reasonably foreseeable future. The six-month detention period contemplated in Zadvydas expired well before the conclusion of this matter, and when it expired the Government was no closer to determining when Ibrahim's removal would occur. During the course of this litigation, the Ninth Circuit stayed Ibrahim's removal and Ibrahim filed a motion for reconsideration to the BIA, which has since been appealed. The Government should have been aware that these motions and appeals would extend the time for Ibrahim's removal for months, beyond the expiration date for Ibrahim's travel document (February 3, 2019) and well beyond the

5

six-month removal period. In fact, the briefing schedule for Ibrahim's petition to the Ninth Circuit currently extends through May 2019. Ibrahim's appeal may also result in the re-opening of his immigration proceedings, which would prevent him from being removed. Even if his current petitions to the Ninth Circuit are denied, Ibrahim will retain the right to appeal to the Supreme Court and request yet another stay.

Due to the procedural posture of this matter, the Government's position that there was a substantial likelihood of Ibrahim's removal in the reasonably foreseeable future did not have a reasonable basis in fact. Therefore, the Government's position was not substantially justified and the EAJA requires an award of attorney's fees. Finally, despite the Government's contentions, there are no "special circumstances" rendering an award of fees unjust.

### 4. Fee Award

Fees awarded pursuant to a fee-shifting statute, such as the EAJA, must be reasonable. 28 U.S.C. § 2412(d)(2)(A). Ibrahim requests a fee award of $4,736.90, based on 20 hours and 32 minutes of work at $202 per hour.

The EAJA sets the statutory rate at $125 per hour for civil actions. Ibrahim argues that an increase to $202 per hour is warranted due to an increase in the cost of living. Ibrahim's suggested hourly rate is based on the Consumer Price Index, is rounded down, and is in line with awards in similar cases after adjustment for inflation. See Bonilla v. Johnson, No. 14cv4962, 2016 WL 10636351, at *3 (D. Minn. Dec. 15, 2016) (Thorson, M.J.) (allowing $190 per hour). The Eighth Circuit Court of Appeals has deemed cost of living increases based on the Consumer Price Index proper and within the intent of the

EAJA. Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990); see also Knudsen v. Barnhart, 360 F.Supp.2d 963, 969 (N.D. Iowa 2004) (stating "the Eighth Circuit Court of Appeals has established that the original rate of $125.00 per hour set by statute in 1996 is to be adjusted by the CPI if proof is offered by the plaintiff's attorney to justify an adjustment"). The cost of living increase is calculated by determining the percentage difference between the Consumer Price Index amount in March 1996, when the $125 per hour rate was established, and the current Consumer Price Index. Johnson, 919 F.2d at 504. The Government does not dispute the hourly rate or number of hours Ibrahim's counsel claims, and $202 per hour is a reasonable rate based on the cost of living adjustment.

While there is a mathematical error in counsel's fee log (total hours spent should total 23 hours and 27 minutes, not 20 hours and 32 minutes) the requested hourly rate and fee total are correctly calculated. Counsel requests that the Court order the Government to pay the requested fees and costs directly to his office. However, Supreme Court precedent requires the award be paid directly to the prevailing party, rather than to the prevailing party's attorney. Astrue v. Ratliff, 560 U.S. 586, 593 (2010).

**CONCLUSION**

Ibrahim is entitled to his fees under the EAJA. Accordingly, **IT IS HEREBY ORDERED that:**

1. Petitioner's Motion for Attorney's Fees and Costs (Docket No. 21) is **GRANTED**; and

2. Petitioner is awarded $4,736.90 in attorney's fees and costs; and

3. The Government shall pay the fee award directly to Petitioner.

Dated: April 4, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge